IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sidney Jones and Crystal Williams, *On Behalf of Themselves and All Other Similarly Situated Individuals*, <br><br>Plaintiffs, <br><br>v. <br><br>Shaum's Casablanca d/b/a Lady Godivas / Casablanca, <br><br>Defendant. | C.A. No. _____ |

## COLLECTIVE ACTION COMPLAINT

1. This is a Collective Action brought by Plaintiffs Sidney Jones ("Jones") and Crystal Williams ("Williams") (together, "Plaintiffs") against Defendant Shaum's Casablanca d/b/a Lady Godivas / Casablanaca, located at 4725 Augusta Road, Greenville, South Carolina 29605 (hereafter, "Defendant").

2. The similarly situated Collective Action Class Members ("Class Members") include all individuals who, during the relevant time period of July 2019 through the date of judgment in this case ("the relevant period"), worked for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Gentlemen's Club in Greenville, South Carolina.

3. During the relevant period, Defendant misclassified Plaintiffs and all other Class Members as non-employee "independent contractors" and, in so doing, failed to pay Plaintiffs and all other Class Members any wages or other compensation for hours Plaintiffs and the other Class Members worked as exotic dancers in or at Defendant's Lady Godivas / Casablanca Gentlemen's Club.

4.      On a class-wide basis, Defendant willfully and intentionally violated Plaintiffs and all other Class Members' minimum wage and wage payment rights under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5.      Plaintiffs bring this Collective Action against Defendant seeking individual and class-wide recovery of back-pay, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6.      Jones is an adult resident and domiciliary of Bowling Green, Virginia.

7.      Jones' written consent to participate as a plaintiff in a Collective Action seeking recovery of unpaid wages and damages under the FLSA is attached hereto as Exhibit 1.

8.      Williams is an adult resident and domiciliary of Greenville, South Carolina.

9.      Williams' written consent to participate as a plaintiff in a Collective Action seeking recovery of unpaid wages and damages under the FLSA is attached hereto as Exhibit 2.

10.     Defendant is a business entity, formed under the laws of South Carolina, and operates as Lady Godivas / Casablanca, an adult entertainment establishment featuring live nude and semi-nude exotic dancers, operating in Greenville, South Carolina.

11.     During the relevant period, Defendant qualified as Plaintiffs' employer and the employer of all other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godiva / Casablanca Club within the meaning of the FLSA and South Carolina law.

12.     During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

13.     This Court has personal jurisdiction over Defendant, has "federal question" subject matter

jurisdiction of the claims pursuant to 28 U.S.C. § 1331, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

14. Jones was employed by Defendant as an exotic dancer at Defendant's Lady Godivas / Casablanca Club for the period of about 2016 through about May 2, 2022.

15. Williams was employed by Defendant as an exotic dancer at Defendant's Lady Godivas / Casablanca Club for the period of about October 2019 through about April 2022.

16. During the period of Plaintiffs' employment, the number of shifts Plaintiffs worked varied from week to week.

17. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

18. On average, Plaintiffs worked three (3) to six (6) shifts per week, for a total of about twenty (20) to forty (40) hours per week.

19. On information and belief, Defendant is in possession of time and/or sign in "house fee" payment records for Plaintiffs and all other Class Members employed that work or worked as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club during the relevant period.

20. At all times during the relevant period, Defendant had actual knowledge of all hours Plaintiffs and all other Class Members worked as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising work duties.

21. At no time during the relevant period did Defendant ever pay Plaintiffs or any other Class Member working as an exotic dancer at or in Defendant's Lady Godivas / Casablanca Club any wages or any other form of compensation for hours worked in or at Defendant's Lady Godivas /

Casablanca Club.

22. During the relevant period, Defendant controlled all aspects of the job duties performed by Plaintiffs and all other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club through employment rules and workplace policies.

23. During the relevant period, Defendant controlled the method by which Plaintiffs and all other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

24. During the relevant period, Defendant required Plaintiffs and other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

25. During the relevant period, Defendant hired Plaintiffs and all other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club exotic and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

26. During the relevant period, Defendant, through supervisors and managers, supervised the duties of Plaintiffs and all other Class Members working for Defendant as exotic dancers in or at Defendant's Lady Godivas / Casablanca Club to make sure their job performance was of sufficient quality.

27. Prior to or during the relevant period, Defendant conducted initial interviews and vetting procedures for Plaintiffs and other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club and, at Defendant's sole discretion, Defendant's

management and/or ownership could deny any Plaintiffs or any other Class Member working or seeking to work as an exotic dancer at Defendant's Lady Godivas / Casablanca Club access or ability to dance and/or work at Defendant's Lady Godivas / Casablanca Club.

28. During the relevant period, Defendant had the right to suspend or send Plaintiffs or any other Class Member working for Defendant as an exotic dancer at or in Defendant's Lady Godivas / Casablanca Club home and away from Defendant's Lady Godivas / Casablanca Club if Plaintiffs or other Class Member violated Defendant's rules or policies or if Defendant's ownership or management, at its discretion, did not want Plaintiffs or any other Class Member working as an exotic dancer at or in Defendant's Lady Godivas / Casablanca Club.

29. During the relevant period, Defendant did not require Plaintiffs or any other Class Member working or seeking to work as an exotic dancer at or in Defendant's Lady Godivas / Casablanca Club to have or possess any requisite certification, education, or specialized training.

30. During the relevant period, Defendant was in the business of operating an adult entertainment business establishment featuring exotic dancers.

31. During the relevant period, it was the primary job duty of Plaintiffs and all other Class Members working at or in Defendant's Lady Godivas / Casablanca Club to perform as exotic dancers for Defendant's customers in or at Defendant's Lady Godivas / Casablanca Club.

32. During the relevant period, in addition to failing to pay Plaintiffs and all other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club any wages for hours worked, Defendant required Plaintiffs and all Class Members working for Defendant as exotic dancers in or at Defendant's Lady Godivas / Casablanca Club to pay Defendant a per-shift house fee or kickback of $20.00 to $40.00 or more for each shift worked.

33. During the relevant period, Defendant required Plaintiffs and all Class Members working

for Defendant as exotic dancers in or at Defendant's Lady Godivas / Casablanca Club to pay or assign a portion of the tips they received from Defendant's customers to Defendant's managers, agents, assigns, and other non-dancer employees and/or contractors.

34. On information and belief, Defendant and its management had actual or constructive knowledge that Plaintiffs and other Class Members working as exotic dancers at Defendant's Lady Godivas / Casablanca Club were employees and not independent contractors.

35. On information and belief, during the relevant period, Defendant and its management had actual or constructive knowledge that Plaintiffs and all other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club other exotic were Defendant's "employees" and were not "independent contractors" and were owed and should have been paid minimum wage compensation as required by the FLSA.

36. On information and belief, during the relevant period, Defendant had actual or constructive knowledge that Defendant's failure to pay wages, charging unlawful kickbacks, and taking and assigning tips from Plaintiffs and the other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club was in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs are pursuing this action against Defendant as a Collective Action under FLSA Section 216(b), on behalf of themselves and all other Class Members that work or worked for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club during the relevant period.

38. Plaintiffs and the Class Members are similarly situated because (i) each worked for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club during the relevant period; (ii) each were misclassified by Defendant as non-employee independent

contractors during the relevant period; and (iii) each were not paid any wages or other compensation by Defendant for hours worked for Defendant as exotic dancers in or at Defendant's Lady Godivas / Casablanca Club during the relevant period.

39.  Plaintiffs' damages are substantially similar to the other Class Members because, under the FLSA (i) each is now owed a return of all house fee kickback payments made to Defendant for each shift worked during the relevant period; (ii) each is now owed reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management during the relevant period; and (iii) each is now owed payment by Defendant for all hours worked as exotic dancers in or at Defendant's Lady Godivas / Casablanca Club during the relevant period in an amount equal to the Federal Minimum Wage, $7.25 per hour.

40.  On information and belief, more than fifty (50) Class Members work or worked for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club during the relevant period.

41.  On information and belief, Defendant is in custody, possession, and control of identifying records relating to all Class Members.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
### (Failure to Pay Statutory Minimum Wages)

42.  Plaintiffs hereby incorporate all the preceding paragraphs by reference as if fully set forth herein.

43.  During the relevant period, the FLSA required Defendant to pay Plaintiffs and other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club at an hourly rate at least equal to the Federal Minimum Wage.

44. During the relevant period, the FLSA required that Defendant allow Plaintiffs and other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club to keep all tips and gratuities received from customers.

45. As set forth above, during the relevant period, Defendant failed to pay Plaintiffs and the other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club at hourly rates at least equal to the Federal Minimum Wage.

46. As set forth above, during the relevant period, without legal excuse or justification, Defendant charged unlawful kickbacks and kept and/or assigned to management tips and gratuities received by Plaintiffs and other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club.

47. Defendant's failure to pay Plaintiffs and the other Class Members working for Defendant as exotic dancers at or in Defendant's Lady Godivas / Casablanca Club during the relevant period wages as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated Class Members, pray for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the Class Members at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other Class Members during the relevant period as required by the FLSA;

C. Judgment that Defendant's violations of the FLSA minimum wage requirements during the relevant period were not the product of good faith on the part of Defendant;

D.  Judgment that Defendant's violations of the FLSA minimum wage requirements during the relevant period were willful;

E.  An award to Plaintiffs and each Class Member in the amount of all free and clear unpaid wages found to be due and owing to Plaintiffs and each Class Member for the entire relevant period;

F.  An award to Plaintiffs and each Class Member in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Defendant and/or Defendant's management during the relevant period;

G.  An award to Plaintiffs and each Class Member in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendant and/or Defendant's management during the relevant period;

H.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

I.  An award of attorneys' fees and costs to be determined by post-trial petition;

J.  Leave to add additional Plaintiffs and/or Opt-In Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

K.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

**HORTON LAW FIRM, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
Fed. Bar No. 11827
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Local Counsel for Plaintiffs and the Collective*

**ZIPIN, AMSTER & GREENBERG, LLC**

Gregg C. Greenberg, MD Fed. Bar No. 17291
(To Be Admitted Pro Hac Vice)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Lead Counsel for Plaintiffs and the Collective*

July 12, 2022