IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sidney Jones and Crystal Williams, *on behalf of themselves and all other similarly situated individuals*,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Shaum's Casablanca *d/b/a Lady Godivas / Casablanca*,<br><br>　　　　　Defendant. | Civil Action No. 6:22-cv-02307-TMC<br><br><br>**ORDER** |

This matter comes before the court on a Motion for Conditional Class Certification filed by Plaintiffs Sidney Jones ("Jones") and Crystal Williams ("Williams") (collectively, "Plaintiffs") individually and on behalf of all others similarly situated, pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (the "FLSA"). (ECF No. 15). Plaintiffs seeks certification of a class of similarly situated exotic dancers currently and previously employed by Defendant Shaum's Casablanca ("Defendant"), who Plaintiffs allege have been misclassified as exempt from the overtime provisions of the FLSA. *See id*. Defendant filed a response opposing the motion, (ECF No. 24), and Plaintiffs then filed a reply, (ECF No. 25).

On February 8, 2023, the undersigned entered a text order referring this motion to the magistrate judge for a Report and Recommendation ("Report"). (ECF No. 36). On May 24, 2023, the magistrate judge entered his Report, recommending the court grant Plaintiffs' motion for conditional class certification and issue notice to the putative class members as set forth in Plaintiffs' motion. (ECF No. 39). Defendant filed objections to the Report (ECF No. 41), Plaintiffs replied (ECF No. 42), and this matter is now ripe for review. After carefully reviewing

the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. For the reasons set forth below, the court agrees with the magistrate judge's recommended disposition, overrules Defendant's objections, and grants Plaintiffs' Motion for Conditional Class Certification.

## STANDARD OF REVIEW

In the Report, the magistrate judge set forth the relevant facts and procedural history to which neither party objects and which are, therefore, incorporated herein by reference. (ECF No. 39 at 1–2). The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No.

2

7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

## APPLICABLE LAW

Under the FLSA, a plaintiff may bring a collective action on behalf of herself and other employees that are "similarly situated" to the plaintiff. *See* 29 U.S.C. § 216(b); *Graham v. Hall's S. Kitchens, LLC*, 331 F.R.D. 619, 621 (2018). Section 216(b) of the FLSA provides:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Therefore, "FLSA class certification requires: (1) that the Plaintiffs in the class be 'similarly situated,' and (2) that the plaintiffs included in the class 'opt in' by filing with the Court their consent to the suit." *Enkhbayar Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). This collective action "mechanism outlined in § 216(b) is designed to facilitate the efficient adjudication of similar claims by 'similarly situated' employees, permitting the consolidation of individual claims and the pooling of resources in prosecuting such actions against their employers." *Meller v. Wings Over Spartanburg, LLC*, C.A. No. 2:15-cv-2094-PMD, 2016 WL 1089382, at *4 (D.S.C. March 21, 2016). As the Supreme Court emphasized in *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989), the underlying purpose of a § 216(b) collective action is efficiency, and courts have "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id*. at 170–71.

District courts, including this court and others in the Fourth Circuit, typically follow a two-step process to determine whether a plaintiff is similarly situated to putative plaintiffs. *See, e.g.*, *Meller*, 2016 WL 1089382 at *4, *4 n.2; *Graham*, 331 F.R.D. at 621; *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010). In the first stage, or the "notice stage," the "court makes a threshold determination of 'whether the plaintiffs have demonstrated that potential class members are 'similarly situated,' such that court-facilitated notice to the putative class members would be appropriate." *Syrja*, 756 F. Supp. 2d at 686 (quoting *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). The "notice" phase typically occurs prior to discovery when a plaintiff moves for conditional class certification. Because the court normally has little to no evidence before it at this stage, the standard for conditional class certification is lenient. *See Meller*, 2016 WL 1089382, at *5; *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 368 (D.S.C. 2012). The plaintiff has the burden of "com[ing] forward with at least some evidence indicating that this is an 'appropriate case' for collective-action status[,]" but this burden is not onerous. *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) (citation omitted). "The plaintiff must make only a 'modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Berger v. Cleveland Clinic Found.*, No. 1:05 CV 1508, 2007 WL 2902907, at *20 (N.D. Ohio Sept. 29, 2007) (quoting *Williams v. Le Chaperon Rouge*, No. 1:07-CV-829, 2007 WL 2344738, at *2 (N.D. Ohio Aug. 14, 2007)). Thus, courts will generally grant conditional certification and authorize notice to potential class members "where the members 'share common underlying facts and do not require substantial individualized determinations for each class member.'" *Graham*, 331 F.R.D. at 622 (quoting *Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831, 835 (D.S.C. 2017)).

In the second step, "following the conclusion of discovery, 'the court engages in a more stringent inquiry to determine whether the plaintiff class is in fact "similarly situated" in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action.'" *Syrja*, 756 F. Supp. 2d at 686 (quoting *Rawls v. Augustine Home Health Care, Inc*., 244 F.R.D. 298, 300 (D. Md. 2007)).  At this stage, the burden remains with Plaintiffs to show that the putative plaintiffs are similarly situated.  *Pelczynski*, 284 F.R.D. at 368.

## DISCUSSION

In his Report, the magistrate judge properly set forth the applicable law, including the two-step certification process discussed above which is followed by the majority of courts in this Circuit.  (ECF No. 39 at 2–3).  The magistrate judge also discussed[1] a recent opinion from the Fifth Circuit which "reject[ed] the two-stage approach to collective action certification" and "found that instead of using a conditional certification, the district court should determine what facts and legal considerations will be material to determining whether groups of employees are similarly situated and authorize preliminary discovery on that material, with a final certification motion to be determined once the preliminary discovery has been completed." *Id*. at 3 (citing *Swales v. KLLM Transp. Servs. LLC*, 985 F.3d 430, 441 (5th Cir. 2021)).  The magistrate judge noted, however, that *Swales* is not binding on this court, the Fourth Circuit has not yet addressed the issue of conditional certification raised in *Swales*, and "other courts within this circuit have rejected the more stringent approach to certification under *Swales*, with the exception of one case" decided

---

[1] Defendant made no argument as to *Swales* in its opposition, nor did Defendant articulate how *Swales* supports its argument that Plaintiffs have failed to meet their burden for conditional class certification, particularly in light of the fact that *Swales* rejects conditional certification altogether.  *See* (ECF No. 24).  Instead, Defendant's only reference to *Swales* is as an aside in which Defendant states, "Additionally, the Fifth Circuit in *Swales* . . . applies a thoroughly textualist reading of the FLSA, noting that certification, much less conditional certification, appears nowhere in FLSA." *Id*. at 11 (quoting *Swales*, 985 F.3d at 434) (internal quotation marks omitted).  Nevertheless, the magistrate judge conducted a thorough review of *Swales* in his Report.

5

earlier this year from the Eastern District of Virginia. *Id*. Accordingly, the magistrate judge recommended the court decline to abandon the two-stage approach that is well-established in this District and the vast majority of the Circuit and evaluated the Plaintiffs' motion in accordance with the law set forth above. *See id*. at 4–7.

Having considered the pleadings and declarations of the Plaintiffs in support of their motion, the magistrate judge summarized Plaintiff's arguments and evidence as follows:

> [T]he named plaintiffs attest that they and the proposed class members performed the same or similar job duties, they were all misclassified by [Defendant] as non-employee independent contractors, [Defendant] failed to pay the named plaintiffs and proposed class members ages for hours worked, the named plaintiffs and proposed class members are each owed FLSA minimum wage compensation for all hours each individual worked or performed as exotic dancers at or in Lady Godivas /Casablanca Gentlemen's Club during the period August 2019 through the present, and the named plaintiffs and the proposed class members were similarly harmed by [Defendant's] class-wide misclassification and unlawful pay practices in violation of the FLSA.

*Id*. at 4–5. The magistrate judge then considered each of Defendant's arguments in opposition.

As to Defendant's assertion that Jones was never an exotic dancer at Lady Godivas and Williams was only an exotic dancer for two days, the magistrate judge found that Defendant failed to provide any affidavits, declarations, or evidence to support this contention and refute Plaintiffs' sworn statements. *Id*. at 5. The magistrate judge further found that Defendant's two "happy camper" declarations by individuals employed as exotic dancers at Lady Godivas "do not provide a basis for denying the named plaintiffs' motion" because "[t]hese types of declarations are generally entitled to little or no weight at the conditional certification stage, 'given the risk that the employer secured such declarations through explicit or implicit coercion.'" *Id*. at 5, 6 (quoting *Chapman v. Saber Healthcare Grp., LLC*, C/A No. 2:20-cv-00106, 2022 WL 3686477, at *8 (E.D. Va. Aug. 25, 2022)).

Next, the magistrate judge rejected Defendant's argument that conditional certification is improper under the economic realities test because the economic realities test applies to the merits and is generally considered at the dispositive motions stage, not the conditional class certification stage. *Id*. at 6. Similarly, the magistrate judge found Defendant's contention that it does not qualify as an employer under the FLSA to be a merits-based defense and irrelevant to the instant motion. *See id*. The magistrate judge properly recognized that at this state "a court need not 'engage in resolving factual disputes, decide substantive issues going to the merits of the case, or make credibility determinations" and "[i]nstead, the court evaluates whether the plaintiff has submitted evidence establishing a least 'a colorable basis for their claim that a class of similarly situated plaintiffs exist.'" *Id*. (quoting *McNeil v. Faneuil, Inc*., Civ. A. No. 4:15-cv-00081, 2016 WL 11673838, at *3 (E.D. Va. Aug. 3, 2016). Thus, the magistrate judge concluded that, "based on the allegations in the complaint and the declarations of the named plaintiffs, . . . the named plaintiffs have met the lenient standard at this stage for demonstrating that the potential opt-in plaintiffs are similarly situated[.]" *Id*. Additionally, in the absence of any objections from Defendant as to the proposed notice or manner of distribution to the putative class members set forth by Plaintiffs in their motion, the magistrate judge recommended the court adopt the proposed notice and issue the same to the class members. *Id*. at 7.

Although Defendant filed objections to the Report, the bulk of the objections present arguments and rely on case law or evidence which Defendant failed to raise in its opposition to Plaintiffs' motion and are, therefore, not properly before the court. *See* (ECF No. 41 (attempting to create a factual and credibility issue by presenting, for the first time, an affidavit by Defendant's owner indicating Plaintiffs did not work there; objecting, for the first time, to "each and every item of the proposed notice or manner of distribution proposed by the named plaintiffs"; and arguing,

for the first time, (1) that this court should reject the two-step class certification process and adopt the procedure in *Swales*, (2) that Plaintiffs have provided only "vague allegations" and should be required to submit more evidence prior to conditional certification, and (3) that, if the court does not agree with *Swales*, it should abandon the established two-step process in favor of the "strong likelihood" test adopted by the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), an opinion which was decided only a few days before the Report was issued); *Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation"); *Floyd*, 2022 WL 796819 at *9 ("'[T]he court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" (quoting *Elliott*, 2017 WL 1206408 at *3)). Because Defendant failed to present these arguments in its opposition to the instant motion, they do not constitute objections to the Report and are, therefore, **OVERRULED**.

Defendant's only remaining objection challenges the magistrate judge's refusal to consider Defendant's "happy camper" declarations, asserting that under *Donohue v. Fracis Services, Inc.*, No. Civ. A. 04-170, 2004 WL 1161366 (E.D. La. May 24, 2004), "conditional certification is only appropriate when employers make across-the-board decisions to treat a discrete category of employees in a manner violative of the FLSA." *See* (ECF No. 41 at 6). More specifically, Defendant objects to the court's reliance on Plaintiffs' sworn statements while disregarding the affidavits of Defendant's "happy campers." *See id*. The court notes, as an initial matter, that Defendant's reliance on *Donohue* is misplaced. While *Donohue* does make clear that certification requires both that the plaintiffs are similarly situated and that the defendant's actions were the result of a "'generally applicable rule, policy, or practice,'" nowhere does the court in *Donohue* require a plaintiff to definitively prove over any conflicting evidence that such an "across-the-

8

board" policy existed. 2004 WL 1161366 at *1 (quoting *Whitworth v. Chiles Offshore Corp.*, Civ. A. No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992)). On the contrary, *Donohue* explicitly states that conditional certification "is usually based only on the pleadings and any affidavits which have been submitted[,]" and "'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . .'" *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). Moreover, as the magistrate judge correctly noted, courts generally give little to no weight to "happy camper" affidavits or declarations, similar to the two presented by Defendant, particularly because of the risk such declarations may have been obtained through coercion. (ECF No. 39 at 5–6 (quoting *Chapman*, 2022 WL 3686477 at *8)). Accordingly, the court finds no error in the magistrate judge's reliance on Plaintiffs' complaint and sworn statements or his decision to disregard Defendant's "happy camper" declarations. Further, the court agrees with the magistrate judge's conclusion that Plaintiffs have set forth sufficient allegations of a common plan by Defendant to improperly classify all the exotic dancers in its employ as independent contractors to meet the lenient standard for conditional class certification. Therefore, Defendant's objection is **OVERRULED**.

## CONCLUSION

Therefore, for the reasons set forth above, the court **ADOPTS** the magistrate judge's Report (ECF No. 39) in its entirety and incorporates the same herein, **OVERRULES** Defendant's objections (ECF No. 41), and **GRANTS** Plaintiffs' motion for conditional class certification (ECF No. 15). Accordingly, the court hereby **CONDITIONALLY CERTIFIES** the following class:

> All individuals that worked or performed as exotic dancers at or in the Lady Godivas / Casablanca Gentlemen's Club during the period

from August 1, 2019 through the date of this order (the "Conditionally Certified Class").

Within fourteen (14) days of the date of this order, Defendant **SHALL** produce to Plaintiffs' counsel the following information for each member of the Conditionally Certified Class: (1) full legal name; (2) mailing address; (3) telephone number; and (4) email address.

Additionally, the court **ADOPTS** Plaintiffs' proposed notice and opt-in consent form (ECF Nos. 15-4 at 2–5; 15-5 at 2), and **DIRECTS** that Plaintiffs' counsel serve a copy of both the Notice and Opt-In Consent Form on each member of the Conditionally Certified Class by first-class mail, text message, and email within fourteen (14) days of receiving the class members' information from Defendant. Defendant is also **DIRECTED** to post copies of the Notice and Opt-In Consent Form in a highly visible location inside the dressing room or wherever the exotic dancers change clothes prior to or after their shifts at Lady Godivas / Casablanca Gentlemen's Club. Each member of the Conditionally Certified Class shall have sixty (60) days from the date of service in which to file his or her opt-in consent form and join this action as an FLSA Opt-In Plaintiff.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 7, 2023
Anderson, South Carolina